The opinion of the Court was delivered by
Tilghman C.' J.
The defendants in .error were the plaintiffs below,-and claimed the land in dispute, under David Elder, deceased, who devised it to them, by his last will and testament, of which he made them executor's, to be sold, Jkc. David Elder's title was derived from Bartram Galbraith, whose daughter fane he married. In order, to show title in Galbraith, the plaintiffs gave in. evidence, a warrant to'Samuel Rankin, descriptive of the landfor which this. ejectment was brought, and a-deed from Rankin to-Galbraith. Having brought down, the title to Galbraith, the plaintiffs offered in evidence certain proceedings in the Orphans’.Court, by which the said land Was adjudged to David Elder, husband of the said fane, one of the daughters ot the said Bartram Galbraith, he paying to the other children, their shares of the value of the land, according to an appraisement thereof, by an inquisition, held by order of the Orphans’-Court. To this evidence the counsel for the defendant objected, but the Court admitted it, and an exception was taken to their opinion.
There can be no doubt, that this record of - the Orphans’ Court 'was evidence ; because it was directly in support of David Elder's title. Bartram Galbraith left ten children, among whom his estate was to be equally divided ; so that when the Court adjudged the land to David Elder, his wife’s share being only one tenth part, he had to pay the appraised value of nine-tenths, to the other children. Now, granting that one-tenth part was vested in him, in right of his wife, he took nine-tenths in his own right, and his executors would, at all events, be entitled to recover to that amount. The record, therefore, was evidence. -
There were several exceptions taken by the defendant to the charge of the Court, for the understanding of which it will he necessary to state the evidence on which the charge was given. The plaintiffs gave parol evidence, to prove, that the defendant settled on the land in controversy, as a *186 ténánt of Bartram Galbraith, who had a warrant descriptive Qf t'ne land, but no survey ; and that the defendant after-wards took out a warrant, on which he had a survey made, with a view ot securing the same land to himself. The plaintiffs also gave in evidence certain proceedings before the Board of Property, between themselves and the defendant, and between a certain Robert 'M'-Call and the defendant, and certain other proceedings under the Landlord and Tenant Law, between David Elder and the defendant, by which the defendant was turned out of possession. One of the exceptions to the charge, was, that the jury were told, “ that if the defendant knew of Galbraith's descriptive warrant, afthe time of his taking out his own warrant, he acted fraudulently.” There was no error in this. It is against conscience, to take out a warrant for land, knowing that another er on has purchased, and paid for, the same land, obtained a warrant which covers- it. It is but a poor excuse, to say, that this other person has been negligent in mot having a survey made on his warrant. There would be -weight in this objection, if the warrant were not descriptive ; because no man has a right to put his warrant in his pocket, and keep all others in suspense, as to the place on which he intends to locate it. But, where t[ie warrant describes the spot, so as to leave no room for doubt, the case is different. And as to supposing that the warrantee intended to relinquish his warrant, there is no ground for it, where the land has been paid for.
The next error assigned in the charge, is, the saying, “that the proceedings before the Board of Property, were evidence, but not conclusive.” When this exception was taken, it was forgotten that those proceedings were given in evidence^ without, objection. How then could the Court afterwards tell the jury that they were not evidence? If the parties agree to improper evidence, the Court is not bound to interfere. There is no error, where there, is consent.
The last objection, is that the Court instructed the jury, that the plaintiffs were entitled to a verdict for the whole land, if they should be of opinion, that the defendant took out his warrant, while he was a tenant of Galbraith, or with knowledge of Galbraith’s warrant. This, the defendants counsel suppose to be an erroneous- direction, because, by the *187 plaintiffs’ own shewing, they had title only to nine-tenths of the land for which they haw- brought suit, the remaining tenth being the estate of Jane, the widow of David Elder. But it appears to me, that, under the circumstances of this case, the plaintiffs were entitled to recover possession of all the land, from the defendant, who has set up a claim in opposition to all the children of Bartram Galbraith. It was in evidence, that David Elder was in possession of the whole land, under the decree of the Orphans’ Court, and claimed, it in his own right, and that he obtained possession of the whole, by virtue of an inquest, under the Landlord and Tenant Law. That possession, lawfully acquired, was sufficient title to recover in an ejectment, against any person, who entered without better title. If the defendant had shewn better title, the verdict should have been in his favour. But if not, he could not shelter himself under a title, supposed to be in the widow of David Elder. The defendant must do justice, by surrendering the possession which he took without right. The plaintiffs and the widow, may then settle their own affairs between the selves.
I am of opinion, that there is no error in this record, and therefore the judgment should be affirmed.
Judgment affirmed.